IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROLYN L. WHITEHOUSE, )<br><br>Plaintiff, )<br><br>vs. )<br><br>WELLS FARGO BANK, N.A., a national<br>association, )<br><br>Defendant. )<br> | No. 08-5169 RBL<br><br>**STIPULATED PROTECTIVE ORDER** |

It is hereby stipulated and ordered, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and among the undersigned parties to this action, and any other person who agrees in writing to become bound by the terms of this protective order ("the Order") as follows:

1.      As used herein, "Producing Party" shall refer to any person or entity producing information, documents, discovery responses or testimony in connection with this litigation.

**Definition of Confidential Information.**

2.      Confidential Information is any information, testimony, written response to discovery, document, or thing produced in connection with this litigation that is reasonably and in good faith believed by a Producing Party to contain confidential or sensitive personal, proprietary, trade secret or medical information.  Confidential information may include:

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

(a)     papers, tapes, documents (including answers to interrogatories, requests for production of documents or requests for admission), disks, diskettes, and other tangible things produced by or obtained from a Producing Party;

(b)     transcripts of depositions herein and exhibits thereto;

(c)     copies, extracts, notes, and complete or partial summaries, which are based wholly or in part upon the examination or review of Confidential Information produced in this litigation;

(d)     Plaintiff's medical or health care provider records;

(e)     the parties' financial records, to the extent that they are not publicly available;

(f)     the personnel records and/or salary information regarding non-party employees of defendant;

(g)     information regarding Defendants' customers or customer accounts; and

(h)     Defendants' proprietary business practices and procedures.

### Designation of Confidential Information.

3.     Where practical, the Producing Party shall designate Confidential Information in document form by stamping or otherwise marking every page of the document "Confidential" or some similar language.  Other forms of Confidential Information shall be so marked in any other reasonable manner appropriate to the form in which the Confidential Information is produced. Information that is designated as "Confidential" is collectively referred to herein as "Confidential Information."

4.     When a party initially produces documents for inspection, no marking need be

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

made by the Producing Party in advance of the inspection.  For purposes of the inspection, all documents shall be treated as containing Confidential Information.  After documents are selected for copying, the Producing Party may appropriately mark the copies of the selected documents as Confidential Information before they are produced.

5.      In all other cases, designation of Confidential Information shall be made at the time of production.

**Depositions.**

6.      No person shall attend portions of depositions pursuant to Federal Rules of Civil Procedure 30 or 45 at which Confidential Information is disclosed unless such person is an authorized recipient under the terms of this Order.  If, during the course of a deposition, the response to a question would require the disclosure of Confidential Information, the witness may refuse to answer or the Party whose Confidential Information would be disclosed may instruct the witness not to answer or not to complete the answer, as the case may be, until any persons not authorized to receive such information have left the room.

7.      Within 30 (thirty) days after the completion of the transcript of a deposition (as certified by the court reporter), counsel for any party or the deponent shall designate portions of the transcript as "Confidential" in a written notification served on opposing counsel.  Written notification designating Confidential Information shall identify the specific pages and lines of the transcript that contain Confidential Information.  Counsel for each party shall attach a copy of such notification to the face of the transcript and to each copy of the transcript.  In addition, the portion of the deposition transcript containing Confidential Information shall be stamped with the appropriate designation.  Before the expiration of such thirty (30) day period, all information disclosed during a deposition shall be treated as Confidential Information, unless otherwise designated or agreed to by the parties and the witness, or ordered by the Court.

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

## Erroneous or Challenged Designations.

8. If Confidential Information is produced or disclosed without having been designated "Confidential," but should have been so designated, future disclosure of the document or thing may be restricted in accordance with this Stipulated Protective Order by notifying the receiving parties in writing of the change in or addition of such restrictive designation with respect to the document or thing. The receiving parties shall then take reasonable steps to prevent any further disclosure of such newly designated Confidential Information, except as permitted by this Order. If any receiving party objects to such revised designation within ten (10) business days of notification, the party seeking the revised designation shall apply to the Court for an Order allowing such revised designation.

9. Should any Party to whom Confidential Information is disclosed object to the designation of such materials as Confidential Information, that party shall notify the party making the designation, in writing, and request that the party re-classify the document, information, or testimony. If such re-classification is not forthcoming within ten (10) days, the objecting party may apply to the Court. Until the Court rules to the contrary, all materials designated as "Confidential" shall be treated as such as described in this Order.

## Disclosure of Confidential Information.

10. Material that is designated "Confidential" may be disclosed solely to the following persons:

(a) the Court;

(b) court personnel including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial;

(c) any Party, counsel for any Party, and the paralegal, stenographic, clerical and secretarial personnel employed by such counsel; and

(d) any third-party consultant or independent expert retained in connection

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

with this action and who is not employed by, affiliated with (whether as a consultant or otherwise), controlled by, agents of, or materially interested in any Party, or any competitor of any Party.

11. Each person identified in paragraph 10(d) above to whom "Confidential" material is furnished, shown, or disclosed shall, before receiving access to such materials,

(a) be provided by counsel furnishing him/her such material a copy of this Order;

(b) agree to be bound by its terms;

(c) shall consent to be subject to the personal jurisdiction of the United States District Court for the Western District of Washington with respect to any proceeding relating to enforcement of this Order, including any proceeding relating to contempt of court; and

(d) shall certify that he or she has carefully read the Order and fully understands its terms, by signing the certificate attached as Exhibit A. The certificate shall be of the form set forth in Exhibit A hereto. Any Party or counsel making disclosure to any person as described above shall retain the original executed copy of said certificate until final termination of this litigation.

**Exceptions.**

12. Nothing herein shall prohibit a Party, or its counsel of record, from disclosing a document containing Confidential Information to the person the document identifies as an author or recipient of such document, or to any person (including third-party witnesses) for which prior written approval for disclosure has been granted by the Producing Party. A Party's use for any purpose of its own documents, which that Party produces in this action, shall not be considered a violation of this Order.

13. Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

information that:

(a)     at the time of disclosure hereunder, was already lawfully in possession of the receiving party and was not acquired through discovery or under any obligation of confidentiality; or

(b)     after disclosure hereunder, was lawfully acquired by the receiving party from a third party lawfully possessing the same and having no obligation to maintain the confidentiality of the information.

**Rights Reserved/Hearings/Trial.**

14.     The foregoing is without prejudice to the right of any Party:

(a)     to apply to the Court for a further protective order relating to any Confidential Information for use at trial or relating to any discovery in this litigation;

(b)     to object to the production of documents it considers not subject to discovery; or

(c)     to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of Confidential Information material beyond the terms of this Order.

15.     Either Party may seek an order requiring any document filed with the Court that reveals any confidential information to be filed under seal, labeled as follows: "This Document Is Subject to a Protective Order Issued by the Court and May Not Be Examined or Copied Except in Compliance with that Order."  The parties will adhere to Court rules in seeking any document to be filed under seal. *See* Local Rules W.D. Wash. CR 5(g).  Documents so labeled shall be kept by the Clerk under seal and shall be made available only to the Court or persons authorized by the terms of this Order to have access thereto.  Notwithstanding anything contained in this Order, any information, testimony, written response to discovery, document, or thing produced in connection with this litigation may be used at trial unless the Producing Party

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

applies to the Court in advance of the pretrial conference for protection of that information, testimony or written response to discovery, document or thing at trial.  If a timely application for such relief has been made, the Confidential Information at issue in the application shall not be disclosed contrary to this Order pending ruling by the Court.

**Termination of Lawsuit.**

16.     Within thirty (30) days of the conclusion of the trial and of any appeals, or upon other termination of this litigation, all documents, including, without limitation, all Confidential Information, received under the provisions of this Order, shall be tendered back to the Producing Party, or destroyed, at the direction of the Producing Party.  Any documents, papers, tapes, disks, diskettes, or other tangible things that include or contain information derived from Confidential Information shall be destroyed, except that privileged documents and information in Court transcripts derived from Confidential Information need not be destroyed.  This paragraph shall not require the destruction of pleadings and exhibits thereto which contain Confidential Information.  Provisions of this Order shall continue to be binding on all persons subject to the terms of this Order until further order of this Court.

**Miscellaneous.**

17.     In the event anyone shall violate or threaten to violate any terms of this Order, the aggrieved Party may seek any remedy permitted by law, including but not limited to contempt, damages and injunctive relief, and it shall not be a defense to a request for injunctive relief that the aggrieved Party possesses an adequate remedy at law.

18.     All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

19.     All documents produced by, or discovery responses of, any Producing Party in these proceedings, as well as all deposition testimony in these proceedings, that are designated as "Confidential" material shall be used for purposes of this litigation only and not for any business

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

purpose.

20.    This Order may be modified by the Court upon stipulation of the Parties or the motion of any Party.

21.    This Order may be signed in counterpart by the Parties' respective counsel and when signed shall become binding and effective as to each such Party.


October 10, 2008                    *s/Kandis Sells, WSBA#33069 for*
Date                                Michael W. Droke, P.C. WSBA #25972
                                    Rachel E. Byrne, WSBA #35451
                                    Dorsey & Whitney LLP
                                    U. S. Bank Centre
                                    1420 Fifth Avenue, Suite 3400
                                    Seattle, WA  98101
                                    Telephone:  (206) 903-8800
                                    Attorneys for Defendant


October 10, 2008                    *s/Daniel C. Gallgher*
Date                                Daniel C. Gallagher, WSBA #21940
                                    Attorney for Plaintiff


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED this 14th day of October, 2008.


RONALD B. LEIGHTON

UNITED STATES DISTRICT JUDGE

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

**EXHIBIT A**

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, hereby acknowledge that I have received and read a copy of the Stipulated Protective Order Regarding Confidential Information ("Order") entered in *Carolyn L. Whitehouse v. Wells Fargo Bank, N.A.,* United States District Court, Western District of Washington, Case No. CV08-5169 RBL; that I understand the provisions in the Order; that I agree to be bound by all provisions of the Order; that I submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the Order; and that I understand that sanctions may be imposed by the Court, including an order of contempt, if I fail to abide by and comply with all the terms, conditions and restrictions imposed by the Order.

_____          _____
Date                                                            Signature

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820